# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **RODERICK PRESS,** | * | |
| Plaintiff | * | |
| v. | * | CIVIL NO. JKB-17-1667 |
| **UNITED STATES OF AMERICA,** *et al.*, | * | |
| Defendants. | * | |

## MEMORANDUM

Plaintiff Roderick Press brought this action against the United States of America ("the Government") and two private Defendants, Knight Sky LLC and George Knizewski on June 19, 2017. (Compl., ECF No. 1.) On May 16, 2018 the Court granted Plaintiff leave to file an amended complaint. (*See* Order, ECF No. 36; Am. Compl., ECF No. 37.) In the new complaint, Plaintiff asserted a new claim under the Privacy Act, 5 U.S.C. § 552a, against the Government only. (*See* Am. Compl. ¶¶ 68-73.) The Government moved to dismiss the Privacy Act claim on May 30, 2018. (Mot. Dismiss, ECF No. 39.) Plaintiff has not responded in opposition and the time permitted for doing so has passed. Therefore, the motion is ripe for review. No hearing is necessary to resolve the matter. *See* Local Rule 105.6 (D. Md. 2016). For the reasons stated below, the Government's motion will be granted by accompanying order and Plaintiff's Privacy Act claim will be dismissed.

### I. *Background*

The Court has recited the facts of this case (as alleged by Plaintiff in his original and amended complaints) twice before. *See* Mem. Granting Mot. Dismiss 2-4, ECF No. 26; Mem.

Granting Mot. to Amend 2-4, ECF No. 35.) Few of those facts are pertinent to the disposition of the Government's motion to dismiss.

Essentially, Plaintiff alleges that his former employer reported erroneous and irrelevant information to a security database managed by the Department of Defense ("DoD")—called the Joint Personnel Adjudication Verification System ("JPAS")—and that the Government did not handle that information well. The information at issue includes an "Incident Report," which basically consists of accusations that Plaintiff mishandled sensitive information while working for his previous employer, and the "Addendum" which discusses a lawsuit Plaintiff brought against his former employer and the negative impact it has had on his former employer. (The lawsuit concerned allegations of defamation and slander related to competition between Plaintiff's company and his former employer.) In addition to bringing a negligence claim regarding the Government's alleged carelessness in permitting Plaintiff's former employer to upload the Addendum,[1] Plaintiff now seeks to bring a Privacy Act claim, alleging that the "Department of Defense" has failed to remove "inaccurate and irrelevant information from Plaintiff's JPAS account" despite Plaintiff's "averments that the information . . . [was] both inaccurate and irrelevant." (Am. Compl. ¶ 71.) Plaintiff alleges that he submitted a request to the DoD on February 7, 2017 to expunge "the false incident report and addendum," that his request was denied, that he appealed, and that his appeal was denied. (*Id.* ¶¶ 46-47.) Plaintiff has brought this claim only against the "United States of America," and only under 5 U.S.C. §§ 552a(e)(1) and 552a(d)(2)(B)(i). (*See id* ¶¶ 69-70.)

The Government brought a motion to dismiss this Privacy Act claim. Plaintiff has not responded in opposition, and the motion is ripe.

---

[1] Plaintiff originally brought a negligence claim based upon the Addendum *and* the Incident Report, but insofar as his negligence claim is based on the Incident Report, the Court has found that the Government is immune from such claim. (*See* Mem. Granting Mot. Dismiss at 10.)

## II. *Standard*

A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When considering a motion to dismiss a court must accept as true all factual allegations in the complaint. *Twombly*, 550 U.S. at 555. This principle does not, however, apply to legal conclusions couched as factual allegations. *Id.*

## III. *Analysis*

The Court will grant the Government's motion to dismiss for four reasons. First, Plaintiff has not brought the suit against the appropriate entity. Second, it appears that Plaintiff did not bring the suit under the correct sections of the Privacy Act. Third, it is unclear if Plaintiff could bring the type of claim he wishes to bring, even if he had named the correct entity and brought the claim under the correct sections of the Act. Fourth, Plaintiff has not responded in opposition and therefore it appears that he has conceded these arguments and abandoned the claim.

### a. *The Proper Party*

"The United States is not a proper party in an action brought pursuant to the Privacy Act." *Sheppard v. Revell*, No. 5:09-CT-3044-FL, 2010 WL 3672261, at *2 (E.D.N.C. Sept. 20, 2010). "[A] claimant bringing a Privacy Act claim must bring suit against a particular agency, not the entire United States." *Mumme v. U.S. Dep't of Labor*, 150 F. Supp. 2d 162, 169 (D. Me. 2001) (citing 5 U.S.C. § 552a(g)(1)). If a plaintiff brings a Privacy Act suit against an entity that is not the appropriate agency, the complaint may be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. *Petrus v. Bowen*, 833 F.2d 581, 582 (5th Cir. 1987) (affirming dismissal on those grounds).

Plaintiff brought this claim against the United States of America. His allegations reference the DoD, but he has not named it as a Defendant, or moved to amend to add it as a Defendant. The Court will dismiss Plaintiff's Privacy Act claim because relief against the United States cannot be granted.

   **b.** *The Proper Sections*

Plaintiff has brought his Privacy Act claim under 5 U.S.C. §§ 552a(e)(1) and 552a(d)(2)(B)(i). Section 552a(e)(1) does not appear to be the proper vehicle for this claim. It provides that "Each agency that maintains a system of records shall . . . maintain in its records only such information about an individual as is relevant and necessary to accomplish a purpose of the agency required to be accomplished by statute or by executive order of the President." This section "authorizes the Government to keep records pertaining to an individual only when they are 'relevant and necessary' to an end 'required to be accomplished' by law." *National Aeronautics and Space Admin. v. Nelson*, 562 U.S. 134, 142 (2011). It does not appear that Plaintiff is challenging the legality of the DoD collecting information related to Plaintiff's security clearance on the JPAS system, and it is unclear if Plaintiff can bring a claim under this section even if he was. *See Scott v. Conley*, 937 F. Supp. 2d 60, 78 (D.C. Cir. 2013) (dismissing Privacy Act claim and noting that it was "unclear" if plaintiff, who asserted a claim under section 552a(e)(1), meant to assert a claim "under the civil remedy provisions of 5 U.S.C. § 552a(g)(1)(C) for failure 'to maintain any record . . . with such . . . relevance . . . as is necessary to assure fairness . . .' or under (g)(1)(D) for failure to 'comply with any other provision or this section'").

Section 552a(d)(2)(B)(i) similarly does not appear to be the section of the Privacy Act Plaintiff is looking for. This section provides that an agency must permit an "individual to

request amendment of a record pertaining to him and . . . promptly . . . make any correction of any portion thereof which the individual believes is not accurate, relevant, timely, or complete," or explain why it is refusing the individual's request and the procedure for appeal. *See* 552a(d)(2)(B)(i) and (ii). Plaintiff's own allegations appear to defeat his claim under this section: he alleges that he requested an amendment, that his request was denied, that he appealed, and that the DoD explained why it denied his request. (*See* Am. Compl. ¶¶ 46-47.)

### c. *The Proper Claim*

Even if Plaintiff had named the appropriate agency, and the appropriate sections of the Privacy Act, it is still unclear if Plaintiff could bring the type of claim he (apparently) wishes to bring. "In the typical Privacy Act case . . . it is feasible, necessary, and proper, for the agency and, in turn, the district court to determine whether each filed item of information is accurate." *Doe v. United States*, 821 F.2d 694, 699 (D.C. Cir. 1987). But, "[t]he Privacy Act was not meant to be a vehicle for litigating the truthfulness of the underlying information contained in an *accurately recorded* document." *Hass v. U.S. Air Force*, 848 F. Supp. 926, 931-32 (D. Kan. 1994) (emphasis added). Further, Plaintiff cannot seek the removal of *opinions* that he disagrees with: "[T]he Privacy Act does not allow a court to alter records that accurately reflect an administrative decision, nor the opinions behind that administrative decision, no matter how contestable the conclusions may be." *Reinbold v. Evers*, 187 F.3d 348, 360 (4th Cir. 1999) (footnote omitted). Rather, when an individual disagrees with the opinions about him accurately reported in agency records he "can obtain relief by placing a concise statement in his records which sets forth his disagreement with the opinions contained therein." *Id.* (citing 5 U.S.C. § 552a(d)(3)).

5

So, is this a "typical Privacy Act case," where the plaintiff is complaining of what he believes to be plainly inaccurate information that remains in his agency record despite the ease with which the agency could determine its inaccuracy?  Or is this a different case, where the plaintiff is complaining of "inaccurate" opinions *accurately* recorded by the agency?  Perhaps this case is a hybrid, in which some of the information Plaintiff seeks to remove or amend consists of plainly inaccurate or irrelevant facts, while other information is more opinion-like in nature.  And if so, what remedy is proper?  A notice that Plaintiff disputes the information may suffice if that information is accurately recorded opinion, *see Reinbold*, 187 F.3d at 360, but may not suffice if it is "typical" inaccurate information, *see Sellers v. Bureau of Prisons*, 959 F.2d 307, 308 (D.C. Cir. 1992) ([A]gencies do not meet the Act's requirements by indicating that the appellant disputes the information in his prison files.").  Plaintiff has not pleaded, with requisite clarity, what "type" of Privacy Act claim he is brining, and therefore the Court cannot determine if he has stated a claim upon which relief can be granted.  His claim is particularly unclear because the Court is without the benefit of Plaintiff's briefing, as he chose not to oppose the Government's motion.

### d. *Failure to Oppose*

Which brings the Court to the final reason that it will dismiss Plaintiff's Privacy Act claim:  Plaintiff did not oppose the motion to dismiss.  Thus, it appears that he concedes the arguments raised by the Government, and has abandoned this claim.  *See Ferdinand-Davenport v. Children's Guild*, 742 F. Supp. 2d 772, 783 (D. Md. 2010) ("By [plaintiff's] failure to address these arguments in her opposition to [defendant's] motion to dismiss, [plaintiff] has abandoned this claim.").

## IV. *Conclusion*

Plaintiff failed to name the appropriate agency as a defendant and, it seems, the appropriate section of the Privacy Act. He did not present his claim with requisite clarity, and he has chosen not to oppose the Government's motion. For these reasons, the Court will issue an order accompanying this memorandum granting the Government's motion and dismissing Plaintiff's Privacy Act claim under Federal Rule of Civil Procedure 12(b)(6).

DATED this 3rd day of July, 2018.

BY THE COURT:

_____/s/_____
James K. Bredar
Chief Judge